IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA | : |
|  | : |
| v. | : Criminal Case No. DKC 02-48 |
|  | : |
| ALLEN BEAVER LAVERTE WAY | : |
|  | : |

**MEMORANDUM OPINION**

Mr. Allen Beaver Laverte Way is currently serving a 360-month sentence in this case (02-48) after his conviction for possession with intent to distribute over 50 grams of cocaine base (Count 1) and a concurrent 120 month sentence for possession of a firearm after a conviction of a crime punishable by more than one year in prison (Count 2).  Five years of supervised release is to follow.[1] He seeks a reduction of his sentence in this case to 60 months imprisonment on both counts pursuant to Section 404 of the First Step Act. (ECF No. 92).  The Government opposes the request.  (ECF No. 98).  Mr. Way filed a reply.  (ECF No. 99).  For the following reasons, the motion will be granted in part.

---

[1] In another case, *United States v. Way,* DKC 02-0210, Mr. Way was sentenced to a consecutive term of 360 months for conspiracy to murder one of the law enforcement agents involved in this case. Because he was serving a state sentence at the time these sentences were imposed, he did not begin serving these sentences until late 2006 or early 2007.  His current projected release date is March 26, 2058.

Mr. Way was sentenced on June 17, 2002, for conduct occurring in September, 2001.  The Fair Sentencing Act of 2010 was signed into law on August 3, 2010.  It did not apply to those sentenced before its effective date.  The First Step Act was adopted in 2018, and provides that, notwithstanding *Dorsey v. United States,* 567 U.S. 260 (2102), certain persons may seek a retroactively reduced sentence.  Section 404(b) provides: "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Section 404(a) defines a "covered offense" as a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010.  There are limitations, however, outlined in Section 404(c):

> No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.

Section 2 of the Fair Sentencing Act altered the quantity threshold for the mandatory minimums in 21 U.S.C. § 841, and Section 3 eliminated the mandatory minimum for simple possession. In *United States v. Wirsing*, 943 F.3d 175, 185-86 (4th Cir. 2019),

the United States Court of Appeals for the Fourth Circuit concluded that a person is eligible if he was sentenced under 21 U.S.C. § 841(a) and (b)(1)(A)(iii) or (B)(iii).

The motion states that Mr. Way has served approximately 20 years.  He has a son, three grandchildren, and a nephew and multiple job prospects.  While incarcerated, he has made productive use of his time by completing a variety of courses including drug education, a course called "Freedom from Drugs", victim impact and responsible thinking classes, a legal analysis class, and a training course to earn a commercial driver's license.  He has worked in the kitchen, in food service, and received positive work evaluations.  Many letters from fellow inmates attest to his caring character and mentoring skills.

He asserts that the requested 5-year sentence more appropriately approximates the sentence he would receive for a similar offense today, particularly in light of the different practices and legal standards.

The Government concedes that he is eligible for consideration, but opposes Defendant's motion, focusing on the offense conduct in both this case and the related case, DKC 02-210.  The Government argues that the current 360-month sentence is at the bottom of the applicable guideline range and the § 3553(a) factors do not support reduction.  It points to his criminal

history, the lengths to which Mr. Way has gone to avoid prosecution, and the lack of deterrence by prior sentences.

At the time Mr. Way was sentenced in this case in 2002, the sentencing guidelines were mandatory, statutes and guidelines for cocaine base offenses were substantially higher than those for cocaine powder, and he was charged and pending trial in the conspiracy to murder case.  All three of those circumstances affected the court's determination of an appropriate sentence. And, all three have changed in the twenty years since.  Moreover, changes to the statutes and guidelines along with changes in prosecutorial policies have affected sentences imposed for similar crimes in more recent years.

Mr. Way is eligible for consideration for resentencing, as acknowledged by the Government.  In conducting the resentencing, the court is directed to follow the following steps:

> First, district courts must accurately recalculate the Guidelines sentence range. *Compare Chambers*, 956 F.3d at 672, *with Dillon*, 560 U.S. at 821, 130 S.Ct. 2683 (holding that a district court may only "substitute the amended Guideline range" in § 3582(c)(2) proceedings). Second, and relatedly, district courts must *correct* original Guidelines errors and apply intervening case law made retroactive to the original sentence. *Compare Chambers*, 956 F.3d at 672–74, *with Dillon*, 560 U.S. at 831, 130 S.Ct. 2683 (holding that district courts lack the discretion to correct errors unaffected by a Guidelines amendment). Third, the court must consider the § 3553(a) factors to determine what sentence is appropriate. *See Chambers*, 956 F.3d at 674. Unlike sentence modification proceedings under § 3582(c)(2)—which limit use of the § 3553(a) factors to determining simply whether to reduce a sentence to

within a predetermined range—we permit courts to use the § 3553(a) factors to more comprehensively shape sentencing decisions and even *depart downward* from the new Guidelines range. *Compare id.*, *with Dillon*, 560 U.S. at 830, 130 S.Ct. 2683.

*United States v. Collington*, 995 F.3d 347, 355 (4th Cir. 2021). The parties agree that, technically, Mr. Way remains a career offender but that, due to the reduction in the applicable sentencing maximum, his offense level is 34 (rather than 37). At criminal history VI, the range is 262 to 327 months.[2]

While the parties recognize that Mr. Way has another, consecutive, 30-year sentence to serve, their approach to the extent of any reduction differs considerably. Mr. Way focuses his argument on the overall sentence for both cases and all offenses, while the Government narrowly focuses on the appropriate sentence for the drug and firearm convictions alone, although it also points to the seriousness of the conduct in the conspiracy case. Neither party has proposed what the guidelines would be if Mr. Way were to be sentenced today on both cases at the same time. As it turns out, that exercise is of minimal assistance.

There would be two groups, that is the offenses in each case would be calculated separately. In the Conspiracy case, Mr. Way was also found to be a career offender and would be so today. The offense of conspiracy in that case required proof of an overt act

---

[2] Without the career offender designation, Mr. Way calculates his current guidelines as 28/IV, with a range of 110 to 137 months.

and would still qualify as a crime of violence.   Thus, the guidelines would remain 37/VI, or 360 months to life.  The offense level in this case, 34, is 3 levels less serious, thus each counts as one unit.   The presence of two units adds two levels to the highest level, resulting in 39/VI or a range of 360 months to life. It is more interesting if he would no longer be a career offender in the Conspiracy case.  In that event, the offense level for that case would be 33, and two levels would be added to the offense level of 34 in this case, resulting in a 36/VI and an overall range of 324 to 405 months.

Mr. Way doesn't challenge the 30-year sentence in the other case in this motion.[3]   That sentence was driven, in part, by his career offender designation.   He suggests that, without career offender treatment in this case, his guideline range would be around ten years.

The underlying criminal conduct in this case, being found in possession with intent to distribute 62 grams of crack cocaine during a vehicle stop and possession of a loaded firearm in his vehicle, while serious, was not terribly aggravated.   His prior criminal history would have put him in criminal history category IV were it not for the career offender designation.   At the time of initial sentencing, his track record for avoiding repeat

---

[3] His request for compassionate release in that case is being denied by separate order.

offenses was dismal and protecting the public was a significant concern.   He had not yet been tried on the conspiracy charge. The criminal conduct in that case was significantly more serious and, despite the fact that law enforcement was involved, caused the victim and his family fear.   The picture is somewhat different today.   Significantly, he is facing the 30-year consecutive sentence for the conspiracy conviction. He has one, not insignificant, fairly recent, disciplinary infraction in 2018. Otherwise, his conduct while incarcerated has been laudable.   Not only has he worked steadily, taken courses, and made progress toward his GED, but he has amassed a large group of admirers out of his mentoring of other inmates.   He also appears to have family and community support, although that is of less significance given that he is not seeking (and would not be granted) immediate release.   He recognizes his prior mistakes and writes eloquently about his hopes for the future.

Under the circumstances, the court will reduce Mr. Way's sentence in this case to 120 months, concurrent, on both counts, reflecting the changes in sentencing jurisprudence over the years and Mr. Way's conduct while incarcerated, and leaving the consecutive 30 year sentence in tact.   The magnitude of the criminal conduct is a significant counter-balance to the post-sentence rehabilitation demonstrated by Mr. Way, but 40 years overall remains a substantial sentence.   This sentence will serve

the purposes of sentencing, reflecting a balance of the § 3553(a)
factors.  Accordingly, the motion will be granted in part.  A
separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
